BUILDERS BLOCK & SUPPLY CO., INC. A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. SAINT BRENDAN CONSTRUCTION CO., JOSEPH J. WINKLER AND ANITA WINKLER, HIS WIFE, AND THE MANUFACTURERS HANOVER TRUST COMPANY, A NEW YORK BANKING CORPORATION, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted April 13, 1976—Decided May 12. 1976.

Before Judges MATTHEWS, LORA and MORGAN.

*Messrs. DeBona, Goldberg & Johnson,* attorneys for appellant (*Mr. Robert P. Grabowski* on the brief).

*Messrs. Starkey, Turnbach, White & Kelly,* attorneys for respondents (*Mr. Michael E. Cunningham* on the brief).

The opinion of the court was delivered by

MATTHEWS, P. J. A. D. This appeal involves an action based on the mechanic's lien statute, *N. J. S. A.* 2A:44–64 *et seq.* Plaintiff, a supplier of building materials, filed a complaint on May 30, 1975 against defendants Saint Brendan Construction Co. (builder), the Winklers (purchasers of the home built by the builder) and Manufacturers Hanover Trust Company (mortgagee). The builder failed to answer and a default judgment was entered against it. After hearing argument the trial judge entered an order granting summary judgment in favor of the purchasers and mortgagee.

The facts are undisputed. The builder requested plaintiff to supply it with certain building construction materials to be used in construction of a house on real property owned by it. On September 20, 1974, prior to furnishing the materials, plaintiff filed a mechanic's notice of intention with the Monmouth County Clerk pursuant to *N. J. S. A.* 2A:44–71. Thereafter, and until March 14, 1975, plaintiff delivered materials and supplies to the building site valued at $10,031.74 for which it has yet to be paid.

On April 2, 1975 the builder conveyed the property to the Winklers. A mortgage to Manufacturers Hanover Trust was recorded in the Monmouth County Clerk's Office on April 4, 1975.

Plaintiff filed its lien claim with the Monmouth County Clerk on May 21, 1975, within four months of the date when materials were last furnished, as required by *N. J. S. A.* 2A:44–91.

The action on the lien claim was instituted in the Law Division by the filing of the complaint with the clerk on May 30, 1975. A letter requesting the clerk to supply plaintiff's attorney with a certificate of commencement accompanied the complaint (*N. J. S. A.* 2A:44–101). The certificate was in fact issued but (for reasons beyond plaintiff's control) it was dated June 19 (20 days after the filing of the action) and was not filed with the Monmouth County Clerk for endorsement until June 24, 1975. The conceded failure to present the certificate to the county clerk for endorsement within ten days of the commencement of the action resulted in summary judgment for defendants. Although plaintiff caused its lien claim to be endorsed with the appropriate certificate within the four-month period required by *N. J. S. A.* 2A:44–99, its failure to have its lien claim endorsed within ten days of the commencement of the action, pursuant to *N. J. S. A.* 2A:44–101, was deemed fatally defective.

*N. J. S. A.* 2A:44–101 provides:

The plaintiff in an action brought in the Superior Court or a county district court on a lien claim, shall obtain from the clerk of such court a certificate to the effect that an action has been commenced in that court on such lien claim, specifying the court wherein the action is brought, and the date when such action was so commenced. *The certificate shall be presented to the proper county clerk within 10 days after the commencement of the action, who shall indorse on the lien claim that an action thereon has been commenced,* specifying the court wherein, and the date when such action was commenced. [Emphasis supplied]

A corollary to this section is *N. J. S. A.* 2A:44–99:

The county clerk shall, upon the commencement of the civil action, commenced in the county court or, upon the presentation of the certificate prescribed in section 2A:44-101 of this title, if commenced in the superior or county district court, indorse on the lien claim the time of the commencement of the action.

*If no such indorsement is made within 4 months* or within the extended period provided by section 2A:44-98 of this title, *from the last date of the labor performed or materials furnished,* or if such claimant shall fail to issue the summons in the action within 5 days after the filing of the complaint or to prosecute his claim diligently within 1 year from the commencement of the action or such further time as the court may by order direct, *the lien shall be discharged by an order signed by the superior court or the county court.* [Emphasis supplied]

*Cox v. Hruza,* 54 *N. J. Super.* 54 (App. Div. 1959), discussed the effect of these two statutory sections. There, as here, the mechanic's notice of intention, lien claim and complaint had all been timely filed, but unlike this case, no certificate of commencement of the action was obtained and, accordingly, the lien claim was never endorsed. Relying on *Wheeler v. Almond,* 46 *N. J. L.* 161 (E. & A. 1884), we found the endorsement requirement of *N. J. S. A.* 2A:44-99 and 101 to be substantive and mandatory, going to the very life of the lien. The rationale of the decision was stated as follows:

The endorsement on the lien claim of the fact that an action has been commenced is necessary for the protection of all those who might rely upon the public record in the county clerk's office — not only the contractor and owner who, of course, know of the action because they are parties defendant, but all persons who might possibly claim a lien or interest in the lands involved, whether as mechanic's lien claimants, purchasers, mortgagees or judgment creditors. The danger that the interests of such persons might be prejudiced were an endorsement permitted *nunc pro tunc* after they had acquired their lien, is sufficient for refusing to hold the plain requirement of the statute merely directory and procedural. [54 *N. J. Super.* at 63]

*Cox v. Hruza* was followed in *Miselly Masons, Inc. v. D. H. Overmyer Co., Inc.,* 113 *N. J. Super.* 524 (App. Div. 1970), aff'd o.b. 58 *N. J.* 39 (1971). In that case, as in

*Cox,* the plaintiff materialman failed to have the clerk endorse the lien claim with the time and place of commencement of the action.

Plaintiff seeks to distinguish both *Cox* and *Miselly Masons* by pointing to the fact that in those cases the plaintiff had failed entirely to have the time of commencement of the action endorsed on its lien claim, in derogation of both *N. J. S. A.* 2A:44–99 and 101. Here, on the other hand, the lien claim was endorsed within the four-month period, as required in *N. J. S. A.* 2A:44–99, although not within the ten-day period stated in subsection 101. Plaintiff draws our attention to the fact that there is a specific mandate in § 99 that the lien be discharged for failure to endorse within the four-month period, whereas there is no such condition mentioned in § 101.

We find this argument persuasive. Neither *Cox* nor *Miselly Masons* dealt with the failure to comply with § 101; in both cases the failure related only to § 99. The statutory scheme appears rather inconsistent. Under § 99, a materialman has four months from the last date on which materials were furnished to endorse the lien with the time of commencement of suit thereon. Under § 101, that endorsement must be made within ten days after the commencement of the action. What § 99 gives, § 101 takes away. In other words, if an action is commenced anytime prior to the tenth day before expiration of the four-month period, the § 99 allowance of four months to endorse the lien claim appears to become illusory.

We are satisfied that the apparent inconsistency between the two sections should be resolved in favor of the four-month period established under § 99. The language of the section clearly establishes that period of time as essential to the vitality of the lien claim created. In addition, it establishes a fixed period which serves to protect those who might rely on the public records to ascertain the marketability of titles. *Cf. N. J. S. A.* 2A:44–98. The ten-day period established under § 101 cannot give that protection

since it only relates to the institution of the action and does not shorten the four-month period of § 99. Thus, for example, one who institutes an action well within the four-month period and fails to file a certificate of commencement under § 101 within ten days, might take a voluntary dismissal of that action and reinstitute it at any time within the four-month period should the ten-day period be deemed mandatory. We also deem it significant that the Legislature has provided for the discharge of the lien if the action is not instituted and the endorsement made within the four-month period. There is no analogous provision in § 101.

We express no opinion as to the effect, if any, that failure to comply with § 101 may have on the priority of any action instituted.

The judgment of the Law Division is reversed and the cause remanded with direction that judgment be entered in favor of plaintiff and against defendants.